1   RONALD K. ALBERTS (SBN:  100017)
    ralberts@grsm.com
2   HELA VAKNIN (SBN:  342083)
    hvaknin@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    633 West Fifth Street, 52nd Floor
4   Los Angeles, CA 90071
    Telephone:  (213) 576-5000
5   Facsimile:  (213) 680-4470

6   Attorneys for Defendant
    BRIGHTHOUSE LIFE INSURANCE COMPANY

7

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  LIFE SHARES 1019, LLC, a          )   CASE NO.
    Delaware Limited Liability        )   *Judge:*
13  Company,                          )
                                      )   *Orange County Superior Court*
14                      Plaintiff,    )   *Case No. 30-2023-01347187-CU-BC-CJC*
                                      )
15        vs.                         )
                                      )   **DECLARATION OF HELA VAKNIN**
16                                    )   **IN SUPPORT OF DEFENDANT'S**
    BRIGHTHOUSE LIFE                  )   **NOTICE OF REMOVAL**
17  INSURANCE COMPANY, a              )
    Delaware Corporation AND          )
18  DOES 1 TO 100,                    )
                                      )
19                      Defendants.   )
                                      )
20  _____  )

21

22              **DECLARATION OF HELA VAKNIN**

23        I, Hela Vaknin, declare as follows:

24        1.     I am an attorney duly licensed to practice law before all courts of the

25  State of California and the United States District Court for the Central District of

26  California, and am an associate at Gordon Rees Scully Mansukhani, LLP,

27  attorneys for Defendant Brighthouse Life Insurance Company ("Defendant"), in

28  this matter. I am a member in good standing with the State Bar of California. I

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-1-

DECLARATION OF HELA VAKNIN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

2.     Plaintiff Life Shares 1019, LLC, a Delaware Limited Liability Company ("Plaintiff") filed the instant action against Defendant in the Superior Court of the State of California for the County of Orange, entitled *Life Shares 1019, LLC vs. Brighthouse Life Insurance Company, et al.*, Case No. 30-2023-01347187-CU-BC-CJC.  A true and correct copy of the Complaint filed in the state court on September 1, 2023, by Plaintiff is attached hereto as **Exhibit A**.

3.     Plaintiff served Defendant with the Summons and Complaint on September 12, 2023.  A true and correct copy of the Service of Process Transmittal is attached hereto as **Exhibit B**.

4.     **Exhibit C** is a complete copy of all of the documents Plaintiff served on Defendant on September 12, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and if called as a witness I could and would so testify.

Executed this 29th day of September, 2023, in Los Angeles, California.


*/s/Hela Vaknin*
Hela Vaknin

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DECLARATION OF HELA VAKNIN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

| | |
|---|---|
| *Life Shares 1019, LLC, a Delaware Limited Liability Company v. Brighthouse Life Insurance Company, a Delaware Corporation, et al.*<br><br>U.S.D.C. for the Central District of California | Case No. |

# EXHIBIT A

Case 8:23-cv-01846-JWH-JDE Document 1-1 Filed 09/29/23 Page 4 of 37 Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 09/01/2023 04:15:14 PM.
30-2023-01347187-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Y. Ramirez, Deputy Clerk.

Dustin J. Dyer -- SBN 274308
Zach Z. Hardister -- SBN 350299
DYER LAW FIRM
5250 Claremont Avenue STE 119
Stockton, CA 95207
Telephone: (209) 472-3668
Facsimile: (209) 472-3675

**Assigned for All Purposes**

Judge Thomas S McConville

Attorney for LIFE SHARES 1019, LLC a Delaware Limited Liability Company

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

| | |
|---|---|
| LIFE SHARES 1019, LLC, a Delaware Limited Liability Company<br><br>        Plaintiff,<br><br>    vs.<br><br>BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware Corporation AND DOES 1 TO 100<br><br>        Defendants. | Case No: 30-2023-01347187-CU-BC-CJC<br><br>COMPLAINT FOR DAMAGES |

PLAINTIFF, LIFE SHARES 1019, LLC, a Delaware Limited Liability Company (hereinafter ("LIFE SHARES"), alleges as follows:

1.    Plaintiff LIFE SHARES 1019, LLC, is a Delaware Limited Liability Company that, at all relevant times, conducted business within Orange County, California.

2.    Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, Defendant BRIGHTHOUSE LIFE INSURANCE COMPANY ("BRIGHTHOUSE") is a Delaware Corporation conducting business and with significant contacts within Orange County, California.

3.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time.

1

COMPLAINT FOR DAMAGES

1  Plaintiff is informed and believes, and based on that information and belief alleges, that each of
2  the defendants designated as a DOE is negligently or otherwise legally responsible for the events
3  and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the
4  injuries and damages to Plaintiff alleged in this complaint.

5      4.     Plaintiff is informed and believes and thereupon alleges that the Defendants, and
6  each of them, at all times herein mentioned, acted as the agents, servants, employees, and legal
7  representatives of the other Defendants, and each of them, and that all Defendants acted in
8  concert, and with the knowledge, permission, consent, notification, and adoption of the
9  Defendants, and each of them.

10                       **RELEVANT FACTS**

11      5.     BRIGHTHOUSE, formerly known as, "Travelers Life and Annuity Company,"
12  issued and delivered in Florida, a flexible premium adjustable life insurance policy, number
13  7447253 (the "Policy"), with a policy date of November 7, 2004, providing coverage on the life
14  of John P. Utsick (the "Insured").

15      6.     In April of 2006, the United States District Court for the Southern District of
16  Florida (the "District Court"), in connection with the action captioned, *Securities and Exchange*
17  *Commission v. John P. Utsick, et al.*, and identified by case number 1:06-cv-20975-PCH (the
18  "Florida Action"), appointed Michael I. Goldberg as the Worldwide Receiver ( the "Receiver")
19  and, in relevant part, authorized, empowered and directed the Receiver to administer and manage
20  certain assets and property of the defendants therein, including the Policy.

21      7.     In 2021, the Receiver transferred and assigned the Worldwide Receivership
22  entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange, the Receiver
23  retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as
24  memorialized in the May 3, 2021, District Court Order (ECF No. 737) (the "District Court
25  Order"). The District Court Order states, in relevant part:

26          a.   $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within
27              the first one-year period, beginning on the date that both the change of ownership
28              and change of beneficiary confirmations are successfully completed on the record

2

1           books of the Insurance Company (the "Closing Date");

2           b.  $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies

3              within second one-year period, beginning on the Closing Date;

4           c.  $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies

5              within third one-year period, beginning on the Closing Date ....

6      8.      On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.

7 Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable

8 primary beneficiary to 53.33% of the Policy proceeds and the Receiver was designated the

9 irrevocable primary beneficiary to 46.67% of the Policy proceeds;

10      9.      On or about May of 2022, LifeFactor II, LLC, for valuable consideration,

11 transferred all its interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES was

12 designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the May

13 3, 2021, District Court Order.

14      10.     LIFE SHARES has made all the required premium payments on the POLICY,

15 ensuring that the POLICY remains in effect.

16      11.     On June 8, 2023, the Insured became deceased, causing the Policy to become

17 immediately payable. Despite numerous statements identifying payment would be made,

18 BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy.

19      12.     Plaintiff has been harmed by BRIGHTHOUSE, and DOES 1 to 100, for their

20 failure to make the required Policy death benefits payment to Plaintiff, in the amount of

21 $9,000,000.00.

22

23             **FIRST CAUSE OF ACTION- BREACH OF CONTRACT**
               (Against Defendant BRIGHTHOUSE and DOES 1 to 100)

24      13.     Plaintiffs refer to and by this reference incorporate herein, each and every

25 allegation contained in Paragraphs 1 through 12 above as though fully set forth herein.

26      14.     BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life

27 of the Insured in exchange for timely policy premium payments.

28      15.     In April of 2006, the District Court appointed Michael I. Goldberg as the

1  Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide
2  Receiver to administer and manage certain assets and property of the defendants therein,
3  including the Policy.

4      16.    In 2021, the Worldwide Receiver transferred and assigned the Worldwide
5  Receivership entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange,
6  the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death
7  Benefit"), as memorialized in the May 3, 2021 District Court Order,  which states, in relevant
8  part:

9          a.  $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within
10              the first one-year period, beginning on the date that both the change of ownership
11              and change of beneficiary confirmations are successfully completed on the record
12              books of the Insurance Company (the "Closing Date");

13          b.  $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies
14              within second one-year period, beginning on the Closing Date;

15          c.  $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies
16              within third one-year period, beginning on the Closing Date ....

17      17.    On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.
18  Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable
19  primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was
20  designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

21      18.    On or about May of 2022, LifeFactor II, LLC, for valuable consideration,
22  transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES
23  was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the
24  May 3, 2021, District Court Order.

25      19.    LIFE SHARES has made all the required premium payments on the Policy in
26  order to ensure the Policy remained in effect. LIFE SHARES has performed all requirements of
27  the Policy, except those which LIFE SHARES was excused from performing.

28

20.     On June 8, 2023, the Insured died, causing the Policy to become immediately payable.

21.     Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a result, BRIGHTHOUSE has breached the Policy.

22.     LIFESHARES was harmed and BRIGHTHOUSE was a substantial factor in causing LIFESHARES' harm. LIFESHARES has been harmed in the amount of $9,000,000.00, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff prays judgment against all Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION- SPECIFIC PERFORMANCE
### (Against Defendant BRIGHTHOUSE and DOES 1 to 100)

23.     Plaintiffs refer to and by this reference incorporate herein, each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24.     BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life of the Insured in exchange for timely policy premium payments.

25.     In April of 2006, the District Court appointed Michael I. Goldberg as the Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide Receiver to administer and manage certain assets and property of the defendants therein, including the Policy.

26.     In 2021, the Worldwide Receiver transferred and assigned the Worldwide Receivership entities' ownership interest in the Policy to LifeFactor II, LLC and in exchange, the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as memorialized in the May 3, 2021, District Court Order,  which states, in relevant part:

a.      $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within the first one year period, beginning on the date that both the change of ownership and change of beneficiary confirmations are successfully completed on the record books of the Insurance Company (the "Closing Date");

1    b.      $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies
2    within second one-year period, beginning on the Closing Date;

3    c.      $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies
4    within third one-year period, beginning on the Closing Date ....

5    27.     On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.
6    Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable
7    primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was
8    designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

9    28.     On or about May of 2022, LifeFactor II, LLC, for valuable consideration,
10   transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES
11   was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the
12   May 3, 2021, District Court Order.

13   29.     LIFE SHARES has made all required premium payments on the Policy in order to
14   ensure the Policy remained in effect. LIFE SHARES has performed all requirements of the
15   Policy, except those which LIFE SHARES was excused from performing.

16   30.     On June 8, 2023, the Insured died, causing the Policy to become immediately
17   payable.

18   31.     Despite numerous statements identifying payment would be made,
19   BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a
20   result, BRIGHTHOUSE has breached the Policy.

21   32.     LIFE SHARES seeks an order of specific performance requiring
22   BRIGHTHOUSE to take all actions necessary to provide LIFE SHARES with LIFE SHARES's
23   proportionate share of the death benefit of the Policy ($9,000,000.00).

24         WHEREFORE, Plaintiff prays judgment against all Defendants, as hereinafter set forth.
25   //
26   //
27   //
28   //

6

COMPLAINT FOR DAMAGES

FIRST CAUSE OF ACTION

1. For monetary damages in the sum not less than $9,000,000.00, plus interest at the legal rate (10%);

2. All attorneys' fees according to proof;

3. All litigation costs according to proof;

SECOND CAUSE OF ACTION

1. For a judgment of specific performance of the Policy, requiring Defendants to take all necessary steps to pay Plaintiff's proportionate share of the death benefit of the Policy ($9,000,000.00).

DATED: September 1, 2023                    DYER LAW FIRM


By _____
    DUSTIN J. DYER
    ZACHARY Z. HARDISTER
    Attorneys for Plaintiff
    LIFE SHARES 1019, LLC

7

| *Life Shares 1019, LLC, a Delaware Limited Liability Company v. Brighthouse Life Insurance Company, a Delaware Corporation, et al.*<br><br>U.S.D.C. for the Central District of California | Case No. |
|---|---|

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
09/12/2023
CT Log Number 544707014

## Service of Process Transmittal Summary

**TO:**       Litigation Intake
              Brighthouse Financial Inc.
              11225 N Community House Rd
              Charlotte, NC 28277-4435

**RE:**       **Process Served in California**

**FOR:**      BRIGHTHOUSE LIFE INSURANCE COMPANY  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LIFE SHARES 1019, LLC, a Delaware Limited Liability Company vs. BRIGHTHOUSE LIFE INSURANCE COMPANY |
| **CASE #:** | 30202301347187CUBCCJC |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/12/2023 at 13:43 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2023, Expected Purge Date: 09/18/2023 |
| | Image SOP |
| | Email Notification,  Litigation Intake  brighthouselitigationintake@brighthousefinancial.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                        Tue, Sep 12, 2023
**Server Name:**                                 DROP SERVICE

| Entity Served | BRIGHTHOUSE LIFE INSURANCE COMPANY |
|---|---|
| Case Number | 30202301347187CUBCCJC |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



| *Life Shares 1019, LLC, a Delaware Limited Liability Company v. Brighthouse Life Insurance Company, a Delaware Corporation, et al.* | Case No. |
|---|---|
| U.S.D.C. for the Central District of California | |

# EXHIBIT C



**CT Corporation**
**Service of Process Notification**
09/12/2023
CT Log Number 544707014

## Service of Process Transmittal Summary

**TO:**     Litigation Intake
            Brighthouse Financial Inc.
            11225 N Community House Rd
            Charlotte, NC 28277-4435

**RE:**     **Process Served in California**

**FOR:**    BRIGHTHOUSE LIFE INSURANCE COMPANY  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LIFE SHARES 1019, LLC, a Delaware Limited Liability Company vs. BRIGHTHOUSE LIFE INSURANCE COMPANY |
| **CASE #:** | 30202301347187CUBCCJC |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/12/2023 at 13:43 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2023, Expected Purge Date: 09/18/2023 |
| | Image SOP |
| | Email Notification,  Litigation Intake brighthouselitigationintake@brighthousefinancial.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                       Tue, Sep 12, 2023
**Server Name:**                           DROP SERVICE

| | |
|---|---|
| Entity Served | BRIGHTHOUSE LIFE INSURANCE COMPANY |
| Case Number | 30202301347187CUBCCJC |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Case 8:23-cv-01846-JWH-JDE Document 1-1 Filed 09/29/23 Page 17 of 37 Page ID #:21
Electronically Filed by Superior Court of California, County of Orange, 09/01/2023 04:15:14 PM.
30-2023-01347187-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Y. Ramirez, Deputy Clerk.

**SUMMONS**
**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><b>FOR COURT USE ONLY</b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware Corporation AND DOES 1 TO 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIFE SHARES 1019, LLC, a Delaware Limited Liability Company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT<br><br>700 W. Civic Center Dr, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2023-01347187-CU-BC-CJC<br>Assigned for All Purposes<br>Judge Thomas S McConville |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dustin J. Dyer; Zachary Z. Hardister, Dyer Law Firm 5250 Claremont Ave, Ste 119, Stockton, CA 95207 209-472-3668

| DATE:<br>*(Fecha)* 09/01/2023 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Y Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).* Y. Ramirez

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Bright House Life Insurance company
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form



BA20231013580



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20231013580 |
| Date Filed: 6/26/2023 |

B1891-5238 06/26/2023 5:48 AM Received by California Secretary of State

---

**Entity Details**

| | |
| --- | --- |
| Corporation Name | BRIGHTHOUSE LIFE INSURANCE COMPANY |
| Entity No. | 3823049 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 11225 NORTH COMMUNITY HOUSE ROAD<br>CHARLOTTE, NC 28277 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 11225 N. COMMUNITY HOUSE ROAD<br>CHARLOTTE, NC 28277 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| Edward Allen Spehar | 11225 NORTH COMMUNITY HOUSE ROAD<br>CHARLOTTE, NC 28277 | Chief Financial Officer |
| Eric Thomas Steigerwalt | 11225 NORTH COMMUNITY HOUSE ROAD<br>CHARLOTTE, NC 28277 | Chief Executive Officer |
| Jacob Moishe Jenkelowitz | 11225 NORTH COMMUNITY HOUSE ROAD<br>CHARLOTTE, NC 28277 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Life Insurance Company |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Adam Deis*

Signature

*06/26/2023*

Date

B1891-5239 06/26/2023 5:48 AM Received by California Secretary of State

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Dustin J. Dyer (SBN: 274308); Zachary Z. Hardister (SBN: 350299)<br>Dyer Law Firm 5250 Claremont Ave, Ste 119, Stockton, CA 95207<br><br>TELEPHONE NO.: 209-472-3668  FAX NO. *(Optional):* 209-472-3675<br>E-MAIL ADDRESS: ddyer@dyerlawfirm.com; zhardister@dyerlawfirm.com<br>ATTORNEY FOR *(Name):* LIFE SHARES 1019, LLC | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 W. Civic Center Dr
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
LIFE SHARES 1019, LLC v. BRIGHTHOUSE LIFE INSURANCE COMPANY

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2023-01347187-CU-BC-CJC |
| | | JUDGE: |
| | | DEPT.: Judge Thomas S McConville |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more
  issues that will be time-consuming to resolve  courts in other counties, states, or countries, or in a federal
 c. [ ] Substantial amount of documentary evidence  court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 1, 2023
Zachary Z. Hardister
_____  ▶  _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

<span style="float:right">CM-010</span>

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Life Shares 1019, LLC | |
| DEFENDANT: Brighthouse Life Insurance Company | **Sep 8, 2023** |
| Short Title: LIFE SHARES 1019, LLC VS. BRIGHTHOUSE LIFE INSURANCE COMPANY | Clerk of the Court<br>By: Y. Ramirez, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2023-01347187-CU-BC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>02/05/2024</u> at <u>09:00:00 AM</u> in Department <u>C28</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: *Y Ramirez* _____ , Deputy

**NOTICE OF HEARING**                                                                                                          Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** LIFE SHARES 1019, LLC VS. BRIGHTHOUSE LIFE INSURANCE COMPANY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2023-01347187-CU-BC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>09/08/2023</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>09/11/2023</u>.

Clerk of the Court, by: _Y Ramirez_ _____ , Deputy

DYER LAW FIRM
5250 CLAREMONT AVENUE # 119
STOCKTON, CA 95207

Case 8:23-cv-01846-JWH-JDE Document 1-1 Filed 09/29/23 Page 24 of 37 Page ID #:28
Electronically Filed by Superior Court of California, County of Orange, 09/09/2023 04:15:14 PM.
30-2023-01347187-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Y. Ramirez, Deputy Clerk.

Dustin J. Dyer -- SBN 274308
Zach Z. Hardister -- SBN 350299
DYER LAW FIRM
5250 Claremont Avenue STE 119
Stockton, CA 95207
Telephone: (209) 472-3668
Facsimile: (209) 472-3675

Assigned for All Purposes

Judge Thomas S McConville

Attorney for LIFE SHARES 1019, LLC a Delaware Limited Liability Company

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

| | |
|---|---|
| LIFE SHARES 1019, LLC, a Delaware Limited Liability Company | Case No: 30-2023-01347187-CU-BC-CJC |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware Corporation AND DOES 1 TO 100 | |
| Defendants. | |

PLAINTIFF, LIFE SHARES 1019, LLC, a Delaware Limited Liability Company (hereinafter ("LIFE SHARES"), alleges as follows:

1.     Plaintiff LIFE SHARES 1019, LLC, is a Delaware Limited Liability Company that, at all relevant times, conducted business within Orange County, California.

2.     Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, Defendant BRIGHTHOUSE LIFE INSURANCE COMPANY ("BRIGHTHOUSE") is a Delaware Corporation conducting business and with significant contacts within Orange County, California.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time.

1   Plaintiff is informed and believes, and based on that information and belief alleges, that each of
2   the defendants designated as a DOE is negligently or otherwise legally responsible for the events
3   and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the
4   injuries and damages to Plaintiff alleged in this complaint.

5        4.     Plaintiff is informed and believes and thereupon alleges that the Defendants, and
6   each of them, at all times herein mentioned, acted as the agents, servants, employees, and legal
7   representatives of the other Defendants, and each of them, and that all Defendants acted in
8   concert, and with the knowledge, permission, consent, notification, and adoption of the
9   Defendants, and each of them.

10   **RELEVANT FACTS**

11        5.     BRIGHTHOUSE, formerly known as, "Travelers Life and Annuity Company,"
12   issued and delivered in Florida, a flexible premium adjustable life insurance policy, number
13   7447253 (the "Policy"), with a policy date of November 7, 2004, providing coverage on the life
14   of John P. Utsick (the "Insured").

15        6.     In April of 2006, the United States District Court for the Southern District of
16   Florida (the "District Court"), in connection with the action captioned, *Securities and Exchange*
17   *Commission v. John P. Utsick, et al.*, and identified by case number 1:06-cv-20975-PCH (the
18   "Florida Action"), appointed Michael I. Goldberg as the Worldwide Receiver ( the "Receiver")
19   and, in relevant part, authorized, empowered and directed the Receiver to administer and manage
20   certain assets and property of the defendants therein, including the Policy.

21        7.     In 2021, the Receiver transferred and assigned the Worldwide Receivership
22   entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange, the Receiver
23   retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as
24   memorialized in the May 3, 2021, District Court Order (ECF No. 737) (the "District Court
25   Order"). The District Court Order states, in relevant part:

26             a.   $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within
27                  the first one-year period, beginning on the date that both the change of ownership
28                  and change of beneficiary confirmations are successfully completed on the record

1     books of the Insurance Company (the "Closing Date");

2     b.  $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies

3     within second one-year period, beginning on the Closing Date;

4     c.  $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies

5     within third one-year period, beginning on the Closing Date ....

6     8.    On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.

7  Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable

8  primary beneficiary to 53.33% of the Policy proceeds and the Receiver was designated the

9  irrevocable primary beneficiary to 46.67% of the Policy proceeds;

10     9.    On or about May of 2022, LifeFactor II, LLC, for valuable consideration,

11  transferred all its interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES was

12  designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the May

13  3, 2021, District Court Order.

14     10.   LIFE SHARES has made all the required premium payments on the POLICY,

15  ensuring that the POLICY remains in effect.

16     11.   On June 8, 2023, the Insured became deceased, causing the Policy to become

17  immediately payable. Despite numerous statements identifying payment would be made,

18  BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy.

19     12.   Plaintiff has been harmed by BRIGHTHOUSE, and DOES 1 to 100, for their

20  failure to make the required Policy death benefits payment to Plaintiff, in the amount of

21  $9,000,000.00.

22

23          **FIRST CAUSE OF ACTION- BREACH OF CONTRACT**
                  (Against Defendant BRIGHTHOUSE and DOES 1 to 100)

24     13.   Plaintiffs refer to and by this reference incorporate herein, each and every

25  allegation contained in Paragraphs 1 through 12 above as though fully set forth herein.

26     14.   BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life

27  of the Insured in exchange for timely policy premium payments.

28     15.   In April of 2006, the District Court appointed Michael I. Goldberg as the

1  Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide
2  Receiver to administer and manage certain assets and property of the defendants therein,
3  including the Policy.

4        16.    In 2021, the Worldwide Receiver transferred and assigned the Worldwide
5  Receivership entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange,
6  the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death
7  Benefit"), as memorialized in the May 3, 2021 District Court Order, which states, in relevant
8  part:

9          a.  $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within
10            the first one-year period, beginning on the date that both the change of ownership
11            and change of beneficiary confirmations are successfully completed on the record
12            books of the Insurance Company (the "Closing Date");

13         b.  $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies
14            within second one-year period, beginning on the Closing Date;

15         c.  $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies
16            within third one-year period, beginning on the Closing Date ….

17       17.    On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.
18 Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable
19 primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was
20 designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

21       18.    On or about May of 2022, LifeFactor II, LLC, for valuable consideration,
22 transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES
23 was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the
24 May 3, 2021, District Court Order.

25       19.    LIFE SHARES has made all the required premium payments on the Policy in
26 order to ensure the Policy remained in effect. LIFE SHARES has performed all requirements of
27 the Policy, except those which LIFE SHARES was excused from performing.

28

4

COMPLAINT FOR DAMAGES

20.     On June 8, 2023, the Insured died, causing the Policy to become immediately payable.

21.     Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a result, BRIGHTHOUSE has breached the Policy.

22.     LIFESHARES was harmed and BRIGHTHOUSE was a substantial factor in causing LIFESHARES' harm. LIFESHARES has been harmed in the amount of $9,000,000.00, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff prays judgment against all Defendants as hereinafter set forth.

### SECOND CAUSE OF ACTION- SPECIFIC PERFORMANCE
(Against Defendant BRIGHTHOUSE and DOES 1 to 100)

23.     Plaintiffs refer to and by this reference incorporate herein, each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24.     BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life of the Insured in exchange for timely policy premium payments.

25.     In April of 2006, the District Court appointed Michael I. Goldberg as the Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide Receiver to administer and manage certain assets and property of the defendants therein, including the Policy.

26.     In 2021, the Worldwide Receiver transferred and assigned the Worldwide Receivership entities' ownership interest in the Policy to LifeFactor II, LLC and in exchange, the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as memorialized in the May 3, 2021, District Court Order, which states, in relevant part:

a.     $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within the first one year period, beginning on the date that both the change of ownership and change of beneficiary confirmations are successfully completed on the record books of the Insurance Company (the "Closing Date");

5

COMPLAINT FOR DAMAGES

b.      $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies within second one-year period, beginning on the Closing Date;

c.      $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies within third one-year period, beginning on the Closing Date ....

27.      On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC. Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

28.      On or about May of 2022, LifeFactor II, LLC, for valuable consideration, transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the May 3, 2021, District Court Order.

29.      LIFE SHARES has made all required premium payments on the Policy in order to ensure the Policy remained in effect. LIFE SHARES has performed all requirements of the Policy, except those which LIFE SHARES was excused from performing.

30.      On June 8, 2023, the Insured died, causing the Policy to become immediately payable.

31.      Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a result, BRIGHTHOUSE has breached the Policy.

32.      LIFE SHARES seeks an order of specific performance requiring BRIGHTHOUSE to take all actions necessary to provide LIFE SHARES with LIFE SHARES's proportionate share of the death benefit of the Policy ($9,000,000.00).

WHEREFORE, Plaintiff prays judgment against all Defendants, as hereinafter set forth.

//

//

//

//

FIRST CAUSE OF ACTION

1. For monetary damages in the sum not less than $9,000,000.00, plus interest at the legal rate (10%);
2. All attorneys' fees according to proof;
3. All litigation costs according to proof;

SECOND CAUSE OF ACTION

1. For a judgment of specific performance of the Policy, requiring Defendants to take all necessary steps to pay Plaintiff's proportionate share of the death benefit of the Policy ($9,000,000.00).

DATED: September 1, 2023                    DYER LAW FIRM


                                            By _____
                                               DUSTIN J. DYER
                                               ZACHARY Z. HARDISTER
                                               Attorneys for Plaintiff
                                               LIFE SHARES 1019, LLC

COMPLAINT FOR DAMAGES

Case 8:23-cv-01846-JWH-JDE Document 1-1 Filed 09/29/23 Page 31 of 37 Page ID #:35
Electronically Filed by Superior Court of California, County of Orange, 08/30/2023 04:15:14 PM.
30-2023-01347187-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Y. Ramirez, Deputy Clerk.

1   Dustin J. Dyer -- SBN 274308
    Zach Z. Hardister -- SBN 350299
2   DYER LAW FIRM
    5250 Claremont Avenue STE 119
3   Stockton, CA 95207
    Telephone: (209) 472-3668
4   Facsimile: (209) 472-3675

                            **Assigned for All Purposes**

                            Judge Thomas S McConville

5   Attorney for LIFE SHARES 1019, LLC a Delaware Limited Liability Company

6

7              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

8   LIFE SHARES 1019, LLC, a Delaware          )   Case No: 30-2023-01347187-CU-BC-CJC
    Limited Liability Company                  )
9                                              )   COMPLAINT FOR DAMAGES
                                               )
10            Plaintiff,                        )
                                               )
11      vs.                                     )
                                               )
12  BRIGHTHOUSE LIFE INSURANCE                 )
    COMPANY, a Delaware Corporation AND        )
13  DOES 1 TO 100                              )
                                               )
14                                             )
              Defendants.                       )
15                                             )
                                               )
16                                             )
                                               )
17                                             )
                                               )
18  _____ )

19

20      PLAINTIFF, LIFE SHARES 1019, LLC, a Delaware Limited Liability Company

21  (hereinafter ("LIFE SHARES"), alleges as follows:

22      1.      Plaintiff LIFE SHARES 1019, LLC, is a Delaware Limited Liability Company

23  that, at all relevant times, conducted business within Orange County, California.

24      2.      Plaintiff is informed and believes and thereupon alleges that at all times relevant

25  herein, Defendant BRIGHTHOUSE LIFE INSURANCE COMPANY ("BRIGHTHOUSE") is a

26  Delaware Corporation conducting business and with significant contacts within Orange County,

27  California.

28      3.      The true names and capacities, whether individual, corporate, associate, or

    otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time.

                                            1

                                COMPLAINT FOR DAMAGES

1   Plaintiff is informed and believes, and based on that information and belief alleges, that each of

2   the defendants designated as a DOE is negligently or otherwise legally responsible for the events

3   and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the

4   injuries and damages to Plaintiff alleged in this complaint.

5       4.      Plaintiff is informed and believes and thereupon alleges that the Defendants, and

6   each of them, at all times herein mentioned, acted as the agents, servants, employees, and legal

7   representatives of the other Defendants, and each of them, and that all Defendants acted in

8   concert, and with the knowledge, permission, consent, notification, and adoption of the

9   Defendants, and each of them.

10                          **RELEVANT FACTS**

11      5.      BRIGHTHOUSE, formerly known as, "Travelers Life and Annuity Company,"

12  issued and delivered in Florida, a flexible premium adjustable life insurance policy, number

13  7447253 (the "Policy"), with a policy date of November 7, 2004, providing coverage on the life

14  of John P. Utsick (the "Insured").

15      6.      In April of 2006, the United States District Court for the Southern District of

16  Florida (the "District Court"), in connection with the action captioned, *Securities and Exchange*

17  *Commission v. John P. Utsick, et al.*, and identified by case number 1:06-cv-20975-PCH (the

18  "Florida Action"), appointed Michael I. Goldberg as the Worldwide Receiver ( the "Receiver")

19  and, in relevant part, authorized, empowered and directed the Receiver to administer and manage

20  certain assets and property of the defendants therein, including the Policy.

21      7.      In 2021, the Receiver transferred and assigned the Worldwide Receivership

22  entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange, the Receiver

23  retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as

24  memorialized in the May 3, 2021, District Court Order (ECF No. 737) (the "District Court

25  Order"). The District Court Order states, in relevant part:

26          a.  $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within

27              the first one-year period, beginning on the date that both the change of ownership

28              and change of beneficiary confirmations are successfully completed on the record

2

COMPLAINT FOR DAMAGES

books of the Insurance Company (the "Closing Date");

  b. $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies within second one-year period, beginning on the Closing Date;

  c. $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies within third one-year period, beginning on the Closing Date ....

8. On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC. Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable primary beneficiary to 53.33% of the Policy proceeds and the Receiver was designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

9. On or about May of 2022, LifeFactor II, LLC, for valuable consideration, transferred all its interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the May 3, 2021, District Court Order.

10. LIFE SHARES has made all the required premium payments on the POLICY, ensuring that the POLICY remains in effect.

11. On June 8, 2023, the Insured became deceased, causing the Policy to become immediately payable. Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy.

12. Plaintiff has been harmed by BRIGHTHOUSE, and DOES 1 to 100, for their failure to make the required Policy death benefits payment to Plaintiff, in the amount of $9,000,000.00.

### FIRST CAUSE OF ACTION- BREACH OF CONTRACT
(Against Defendant BRIGHTHOUSE and DOES 1 to 100)

13. Plaintiffs refer to and by this reference incorporate herein, each and every allegation contained in Paragraphs 1 through 12 above as though fully set forth herein.

14. BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life of the Insured in exchange for timely policy premium payments.

15. In April of 2006, the District Court appointed Michael I. Goldberg as the

3

1  Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide
2  Receiver to administer and manage certain assets and property of the defendants therein,
3  including the Policy.

4       16.    In 2021, the Worldwide Receiver transferred and assigned the Worldwide
5  Receivership entities' ownership interest in the Policy to LifeFactor II, LLC, and in exchange,
6  the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death
7  Benefit"), as memorialized in the May 3, 2021 District Court Order, which states, in relevant
8  part:

9          a.  $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within
10            the first one-year period, beginning on the date that both the change of ownership
11            and change of beneficiary confirmations are successfully completed on the record
12            books of the Insurance Company (the "Closing Date");

13         b.  $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies
14            within second one-year period, beginning on the Closing Date;

15         c.  $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies
16            within third one-year period, beginning on the Closing Date ….

17      17.    On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC.
18 Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable
19 primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was
20 designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

21      18.    On or about May of 2022, LifeFactor II, LLC, for valuable consideration,
22 transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES
23 was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the
24 May 3, 2021, District Court Order.

25      19.    LIFE SHARES has made all the required premium payments on the Policy in
26 order to ensure the Policy remained in effect. LIFE SHARES has performed all requirements of
27 the Policy, except those which LIFE SHARES was excused from performing.

28

20.     On June 8, 2023, the Insured died, causing the Policy to become immediately payable.

21.     Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a result, BRIGHTHOUSE has breached the Policy.

22.     LIFESHARES was harmed and BRIGHTHOUSE was a substantial factor in causing LIFESHARES' harm. LIFESHARES has been harmed in the amount of $9,000,000.00, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff prays judgment against all Defendants as hereinafter set forth.

### SECOND CAUSE OF ACTION- SPECIFIC PERFORMANCE
(Against Defendant BRIGHTHOUSE and DOES 1 to 100)

23.     Plaintiffs refer to and by this reference incorporate herein, each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24.     BRIGHTHOUSE, on or about November 7, 2004, provided coverage on the life of the Insured in exchange for timely policy premium payments.

25.     In April of 2006, the District Court appointed Michael I. Goldberg as the Worldwide Receiver and, in relevant part, authorized, empowered and directed the Worldwide Receiver to administer and manage certain assets and property of the defendants therein, including the Policy.

26.     In 2021, the Worldwide Receiver transferred and assigned the Worldwide Receivership entities' ownership interest in the Policy to LifeFactor II, LLC and in exchange, the Receiver retained certain irrevocable death benefits under the Policy (the "Retained Death Benefit"), as memorialized in the May 3, 2021, District Court Order, which states, in relevant part:

a.      $7,000,000.00 of the death benefits under [the Policy] if [the Insured] dies within the first one year period, beginning on the date that both the change of ownership and change of beneficiary confirmations are successfully completed on the record books of the Insurance Company (the "Closing Date");

5

b.     $6,500,000.00 of the death benefits payable under [the Policy] if the Insured dies within second one-year period, beginning on the Closing Date;

c.     $6,000,000.00 of the death benefits payable under [the Policy] if the Insured dies within third one-year period, beginning on the Closing Date ....

27.     On or about May 11, 2021, the Policy was assigned to LifeFactor II, LLC. Additionally on or about May 11, 2021, LifeFactor II, LLC was designated the irrevocable primary beneficiary to 53.33% of the Policy proceeds and the Worldwide Receiver was designated the irrevocable primary beneficiary to 46.67% of the Policy proceeds;

28.     On or about May of 2022, LifeFactor II, LLC, for valuable consideration, transferred all of it interest in the Policy to LIFE SHARES. Shortly thereafter, LIFE SHARES was designated the irrevocable primary beneficiary of the majority of the Policy pursuant to the May 3, 2021, District Court Order.

29.     LIFE SHARES has made all required premium payments on the Policy in order to ensure the Policy remained in effect. LIFE SHARES has performed all requirements of the Policy, except those which LIFE SHARES was excused from performing.

30.     On June 8, 2023, the Insured died, causing the Policy to become immediately payable.

31.     Despite numerous statements identifying payment would be made, BRIGHTHOUSE has failed to make any payment to LIFE SHARES related to the Policy. As a result, BRIGHTHOUSE has breached the Policy.

32.     LIFE SHARES seeks an order of specific performance requiring BRIGHTHOUSE to take all actions necessary to provide LIFE SHARES with LIFE SHARES's proportionate share of the death benefit of the Policy ($9,000,000.00).

WHEREFORE, Plaintiff prays judgment against all Defendants, as hereinafter set forth.

//

//

//

//

COMPLAINT FOR DAMAGES

FIRST CAUSE OF ACTION

1. For monetary damages in the sum not less than $9,000,000.00, plus interest at the legal rate (10%);

2. All attorneys' fees according to proof;

3. All litigation costs according to proof;

SECOND CAUSE OF ACTION

1. For a judgment of specific performance of the Policy, requiring Defendants to take all necessary steps to pay Plaintiff's proportionate share of the death benefit of the Policy ($9,000,000.00).

DATED: September 1, 2023                    DYER LAW FIRM


By _____
DUSTIN J. DYER
ZACHARY Z. HARDISTER
Attorneys for Plaintiff
LIFE SHARES 1019, LLC

COMPLAINT FOR DAMAGES